## In re BUTLER'S ESTATE.

### (Circuit Court of Appeals, Second Circuit. January 4, 1901.)

#### No. 46.

JUDGMENTS—EQUITABLE LIEN.

> Where a contractor had erected a building for which plaintiffs had furnished certain labor and materials, a promise by the contractor that he would file a lien for the entire sum, and from the proceeds of any judgment thereon would pay plaintiff his claim, did not create an equitable lien in plaintiff's favor on a judgment on the mechanic's lien.

Appeal from the District Court of the United States for the Eastern District of New York.

George M. Pinney, Jr., and Aaron C. Thayer, for appellants.

Thomas S. Corey, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. This appeal is from an order of the district court for the Eastern district of New York which denied the petition of the four appellants that they should be allowed an equitable lien upon a judgment upon a mechanic's lien which was recovered by the bankrupts in the supreme court of the state of New York. In April, 1899, the bankrupts, under the firm name of Butler Bros., had partially completed for one Hartung a building for a hotel upon land on Staten Island, in the construction of which the four appellants had furnished labor and materials to and for the bankrupts. The alleged foundation upon which the equitable lien of the appellants rests is that, more than four months prior to the date of the petition in bankruptcy, Butler Bros. and the four appellants separately made a verbal agreement that Butler Bros. should file one lien for their own debt, which should include the amounts due from them to these subcontractors; that this lien should be for their benefit; that the promisors would protect their interests; and that out of the proceeds of any judgment the four appellants were to be paid. The district judge found that "the conversations of the several petitioners with a member of the firm of Butler Bros. neither created a lien in favor of any petitioner, nor transferred any interest enforceable against the general creditors in bankruptcy." We agree with the finding of the district judge. The conversations which the several petitioners narrate do not establish an agreement for a lien upon the judgment, but amount merely to a promise that Butler Bros. would pay the subcontractors from the money to be received upon the judgment. For

example, the treasurer of the Tottenville Lumber Company testifies, in regard to the supposed contract, that in his conversation with Israel Butler the latter said "they would make an effort to get this money for all parties interested; that they would put on a lien to cover the amount, and when they win the case and get the money, he says, you will get your share." The other appellants and Israel Butler, when they use their own language and are not replying to leading questions, have the same vagueness as to the terms of the undertaking or agreement. It was, at most, a promise to pay the four appellants from the proceeds of the judgment their debts against Butler Bros. for work and materials which had been placed upon the hotel. This agreement created no lien upon the fund. Williams v. Ingersoll, 89 N. Y. 508; Christmas v. Russell, 14 Wall. 69, 20 L. Ed. 762. The order of the district court is affirmed, with costs.